UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVETLANA FEDOROVA,<br>in the interest of minor M.F.,<br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br>Defendant. | Case No.: 17cv0868 JAH( (BLM)<br><br>**ORDER:**<br><br>**1. DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [Doc. No. 2];**<br><br>**2. DENYING MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 3];**<br><br>**3. APPOINTING GUARDIAN AD LITEM; and**<br><br>**4. DISMISSING THE COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) [Doc. No. 1]** |

**INTRODUCTION**

On April 28, 2017, Svetlana Fedorova ("Fedorova"), a citizen and national of Russia filed a complaint in the interest of her 12-month-old son, ("Plaintiff" or "M.F."), a United States citizen, seeking declaratory and injunctive relief against enforcement of section 201 of the Immigration and Nationality Act ("INA") (8 U.S.C. §1151(b)(2)(A)(i)) ("Act"). Fedorova, on behalf of M.F., alleges that denying "immediate relative" status to the alien parent of a citizen child who is under the age of twenty-one, violates her son's constitutional[1] right as an American citizen to "live in the U.S." and infringes on his ability to preserve his identity, nationality, and family relations under Article 8 and 10 of the United Nations Convention on the Rights of the Child. *See* Doc. No. 1. She alleges that the Constitution provides her son with the right to be raised by both parents - in the United States - and petitions this court to allow her, as primary caretaker, to immigrate to the United States with her son, so that he may have access to the culture and be reconnected with his father and extended family.

Civil filing fees, as required by 28 U.S.C. § 1914(a), were not paid at the time of filing. Instead, a motion for leave to proceed *in forma pauperis* ("IFP") was filed, pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2. Fedorova later filed a motion to appoint counsel. Doc. No. 3. After a careful review of the pleadings, exhibits and motions and for the reasons set forth below, the Court (1) **DENIES** the motion for leave to proceed IFP, [Doc. No. 2]; (2) **DENIES** the motion to appoint counsel [Doc No. 3], (3) **APPOINTS** a guardian ad litem, and (4) **DISMISSES** the Complaint, [Doc. No. 1], without prejudice, and with leave to amend to allow Plaintiff, through his newly appointed guardian ad litem, an opportunity to retain counsel.

---

[1] The Complaint references the Due Process Clause of the Fourteenth Amendment to the United States Constitution and various sections of the California Family Code.

# DISCUSSION

**I.    Plaintiff's IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to proceed IFP when plaintiffs submit an affidavit, including a statement of all of their assets, showing the inability to pay the statutory filing fee. *See* 28 U.S.C. § 1915(a).

In support of Plaintiff's motion, Fedorova has submitted an application to proceed in district court without paying fees or costs. *See* Doc. No 2. The application indicates that Fedorova is currently unemployed, and has earned no job-related income during the past two years. Doc. No. 2 at 1-3. Additionally, Fedorova receives no income from real property, investments, retirement accounts, gifts, or alimony. *Id*. at 1. Fedorova's sole source of monthly income is a child support payment in the amount of $753.00 *Id*. at 2. Her average monthly expenses are $615.00. *Id*. at 4-5. She indicates that she owns a bank account, with a $1500 balance, real property valued at $200,000 and a vehicle valued at $2500 with no other assets of value. *Id*. at 2-5.  In the application, Fedorova lists M.F. as a person under the age of 18 who relies on her for support. *Id*. at 5.

Fedorova has listed the assets and expenses for which she owns or is responsible – apparently completing the application on behalf of herself and not on behalf of her minor son. Her assets and liabilities are not, by default, the property of her minor son or his estate unless or until gifted or legally transferred. Based on these representations, the Court is

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

3

unable to determine M.F.'s ability or inability to pay the statutory filing fee. Accordingly, the Court **DENIES** Plaintiff's motion for leave to proceed IFP.

## II. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

### A. Standard of Review

When a plaintiff seeks leave to proceed IFP, pursuant to 28 U.S.C. § 1915(a), the Complaint is subject to *sua sponte* review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that… (B) the action or appeal… (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires, a district court to dismiss an *in forma pauperis* complaint that fails to state a claim."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012).

If the Court determines, on its own initiative, that the action lacks an arguable basis, Section 1915(e) authorizes dismissal. *Cato v. United States*, 70 F.3d 1103, 1106–07 (9th Cir. 1995) (affirming the district court's dismissal on jurisdictional and sovereign immunity grounds.) Before addressing whether the complaint states a plausible claim for relief, the Court must first determine (1) whether it has jurisdiction to grant the relief requested and (2) whether Fedorova has the authority or capacity to bring suit on behalf of her minor son.

### B. Jurisdiction to Grant Relief

The Complaint alleges INA Sec. 201, 8 U.S.C 1151(b)(2)(A)(i) , is unconstitutional as applied to M.F. because it infringes upon his fundamental right to family protections. In pertinent part, INA Secs. 204 and 201 state:

4

> [A]ny citizen of the United States claiming that an alien is entitled … to an immediate relative status under section 1151(b)(2)(A)(i) of this title may file a petition with the Attorney General for such classification.

8 U.S.C.A. § 1154 (a)(1)(A)(i)

> For purposes of this subsection, the term "immediate relatives" means the children, spouses, and parents of a citizen of the United States, except that, in the case of parents, such citizens *shall be at least 21 years of age*. (Emphasis added).

8 U.S.C.A. § 1151 (b)(2)(A)(i)

Inherently such an allegation prompts the Court for declaratory relief. Plaintiff also requests injunctive relief to enjoin enforcement and requests the Court to "allow [M.F.] and [Fedorova]… to immigrate and live in the U[nited] S[tates]". It further states that "in the case when one…parent is American, and [the other]…is not, the American government should provide [a] green card to [the] non-American parent without reference to [the] age of the American child…."

Although the Court has subject matter jurisdiction pursuant to section 279, 8 U.S.C. § 1329[3], and 28 U.S.C. § 1331, it is not within this Court's jurisdiction to direct officials of INS to issue a visa or grant resident alien status to any individual. *Ventura-Escamilla v. Immigration & Naturalization Serv.*, 647 F.2d 28, 31 (9th Cir. 1981) (quoting *Martinez v. Bell*, 468 F. Supp. 719, 726 (S.D.N.Y. 1979). Even assuming Fedorova, on behalf of M.F. filed a petition[4] with the Attorney General for such classification and was denied, the denial would not be subject to review. *See Kent v. United States,* 8 F.3d 27 (9th Cir. 1993), as amended on denial of reh'g (Feb. 18, 1994) (The consular official's decision to grant or deny a visa petition is not subject to judicial review under the doctrine of nonreviewability.) "[T]he judiciary will not interfere with the visa issuing process." *Martinez*, 468 F. Supp at

---

[3] Section 279 of the Act, 8 U.S.C. §1329 grants district courts jurisdiction over all causes, civil and criminal, arising under any of the provisions of subchapter II, including section 201 of the Act.

[4] The Court notes that the pleadings do not indicate that a petition was filed with the Attorney General for immigrant admission, or that any administrative procedure was initiated by Fedorova to request admission into the United States, and therefore the Court cannot and does not construe the Complaint as a petition to review a decision, final agency action, or removal order.

725 (citing *Kleindienst v. Mandel*, 408 U.S. 753, (1972)). While "the Court has subject matter jurisdiction to resolve the constitutional issues presented, regardless of whether administrative remedies have been exhausted," *Ventura-Escamilla,* 647 F.2d at 31 (holding that cases alleging constitutional infirmities in the immigration laws are subject to judicial review), the Court does not have jurisdiction to provide the injunctive or directive relief sought. *Martinez*, 468 F. Supp at 726. Nonetheless, prior to undertaking judicial review, the Court must be satisfied that the person bringing suit has the legal capacity to do so.

### C. Fedorova's Capacity to Bring Suit on Behalf of M.F.

Fedorova filed the instant action listing the Plaintiff as herself "*In the interest of minor M.F.*" Fedorova files the action as M.F.'s mother and primary caretaker pursuant to a family court order awarding her sole legal and physical custody of the child. However, the Court must turn to the Federal Rules of Civil Procedure ("Fed.R.Civ.P") which govern who can sue and be sued, and in what capacity. *See generally* Rule 17, Fed.R.Civ.P.

Rule 17 states that "an action must be prosecuted in the name of the real party in interest," unless brought by a duly appointed representative. Rule 17(a)(1), Fed.R.Civ.P. "A minor person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Rule 17(c)(2), Fed.R.Civ.P. "The [appointed representative] must be truly dedicated to the best interests of the [minor] on whose behalf he [or she] seeks to litigate," and not motivated by any personal gain. *Smith v. Adamas,* No. C 09-3764 PJH (PR), 2010 WL 458913, at *1 (N.D. Cal. Feb. 3, 2010). In any case, if the person attempting to bring suit in federal court on behalf of the minor is the minor's parent or guardian, the parent must retain a lawyer. *Tagle v. Clark Cty.,* 678 F. App'x 600 (9th Cir. 2017) (quoting *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer); *see also Trimble v. Arizona Child Protective Servs.*, 150 F. App'x 621, 622 (9th Cir. 2005).

While M.F. lacks capacity as an infant to sue on his own behalf, Fedorova, acting alone, also lacks the capacity to bring this action on her infant son's behalf. Any action brought must be brought in the name of the minor or a duly appointed representative, and the minor's interest must be represented by a trained legal professional. *See Johns*, 114 F.3d at 877 (agreeing with Third Circuit rationale that minors are entitled to trained legal assistance so their rights may be fully protected.)

### D. Motion for Appointment of Counsel

On September 9, 2017, Fedorova moved for appointment of counsel [Doc No. 3]. In doing so, she expresses that she lives in Khabarovsk Russia and does not have a visa to travel to the United States to obtain legal counsel. She also offers her limited knowledge of the English language and scarce financial resources as obstacles.

The motion was brought pursuant to paragraph (e)(1) of section 1915, which provides that a court "may request an attorney to represent any such person unable to employ counsel." 28 U.S.C § 1915 (e)(1). However, the authority of a court to appoint counsel is discretionary and there exists no statutory or constitutional right for an indigent to have counsel appointed in a civil case. *Willbourn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986).

> Counsel may be appointed under [1915(e)(1)] only in 'exceptional circumstances' which requires an evaluation of both: (1) the likelihood of success on the merits, and (2) the ability of petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither factor is dispositive and both must be viewed together. (Citations omitted)

*Collier v. Pickett*, No. C-94-20065-RMW, 1995 WL 274186, at *1 (N.D. Cal. May 9, 1995) (citing *Willbourn*, 789 F.2d at 1331). Even assuming M.F.'s limited financial resources and inability to articulate his claims, the Court finds appointment of counsel in the instant action unwarranted.

### 1. Success of Likelihood on the Merits

The Court recognizes as a citizen, M.F. possesses the constitutional right under the Fourteenth Amendment to reside in the United States. *Miller v. Albright*, 523 U.S. 420,

423, 118 S.Ct. 1428, 1432, (1998). However, as several courts have explained, the inability of an alien parent to reside in the United States "does not impinge on constitutional rights [of the child] because a citizen child remains free to exercise his right to live in the United States. *Coleman v. United States*, 454 F. Supp. 2d 757, 767–68 (N.D. Ill. 2006) (citing *Oforji v. Ashcroft*, 354 F.3d 609, 617–18 (7th Cir. 2003); See also *Mendez v. Major*, 340 F.2d 128, 131–32 (8th Cir.1965) ("There can be no doubt that Congress has the power to determine the conditions under which an alien may enter and remain in the United States ... even though the conditions may impose a certain amount of hardship upon an alien's wife or children"); *United States ex rel. Hintopoulos v. Shaughnessy*, 353 U.S. 72 (1957)(Incidental hardship to an alien's citizen child, does not stand in the way of the application of federal immigration laws.)

Despite the unfavorable consequences to M.F., the intent of Congress is explicit. As recognized by other district courts:

> [Section 201] has repeatedly withstood constitutional attack in the courts of appeals. It is not for this court to ignore the clear mandate of Congress and to graft a judicial exception to the statutory scheme. If the result which here obtains is repugnant to congressional intent or constitutional principles, fifteen years of judicial decisions under subsection (b) to s 201 do not belie it. See Pub.L. No. 89-236, s 1, 79 Stat. 911 (1965), which added the language of subsection (b) to s 201.

*Papakonstantinou v. Civiletti*, 496 F. Supp. 105, 111 (E.D.N.Y. 1980). Accordingly, the Court finds Plaintiff has not established a likelihood of success on the merits.

Nonetheless, it is in M.F.'s best interest to have a duly appointed representative[5] that can retain legal counsel on M.F.'s behalf to facilitate: (1) filing an amended complaint, (2) assessing any change in circumstances since the November 17, 2016 judgment of the Family Court in case number D56116, and if deemed appropriate, (3) reopening and representing M.F.'s interests accordingly. After considering the factors of § 372(b)(1) of

---

[5] The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action. Rule 17(c)(2), Fed.R.Civ.P.

8

the California Code of Civil Procedure[6], reviewing the pleadings, motions, correspondence, and family court minute order submitted as exhibits to the Complaint referenced herein, the Court finds it appropriate to appoint paternal grandfather, Bernard "Bernie" Acre as M.F.'s guardian ad litem.

### III. Conclusion and Order

For all the reasons discussed above, IT IS HEREBY ORDERED:

1. Svetlana Fedorova's Motion on behalf of M.F. to Proceed IFP, pursuant to 28 U.S.C. § 1915(a), [Doc. No. 2] is **DENIED**;

2. Svetlana Fedorova's Motion to Appoint Counsel [Doc. No. 3] is **DENIED**;

3. Bernard "Bernie" Acre is **APPOINTED** as M.F.'s guardian ad litem on the condition that he secure counsel within 45 days of receipt of this court order. Further, the Clerk of Court is **DIRECTED** to mail Bernard Acre a copy of this order at 2102 Williams Way, Bryan, Texas 77808.

4. The Complaint is **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 17 of the Federal Rules of Civil Procedure [Doc. No. 1]; and

5. The Court **GRANTS** Plaintiff, by and through his guardian ad litem, **sixty (60) days leave to file an amended Complaint after receipt of this order** which cures all the deficiencies of pleading described in this Order, **notwithstanding M.F.'s ability to pursue his causes of action when he reaches the age of majority**. Plaintiff is cautioned, however, that should he

---

[6] "When determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and guardian have divergent interests. Cal.Code Civ.P. § 372(b)(1). When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests. [I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." (Quotations and citations omitted). *Greenspan v. Cty. of San Diego*, No. 13CV210-LAB DHB, 2013 WL 2089015, at *1 (S.D. Cal. May 14, 2013).

choose to file an Amended Complaint, it must be complete by itself, comply with the Federal Rules of Civil Procedure, including Rules 8(a) and 17 and that any claim not re-alleged will be considered waived. See S.D. CAL. CIVLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

**IT IS SO ORDERED**.

Dated: May 29, 2018

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE